RICHARD ALLENDER BABCOCK, APPELLANT, v.
THE STATE OF NEVADA, RESPONDENT.

No. 7721

May 21, 1975                                     535 P.2d 786

*Samuel T. Bull,* of Reno, for Appellant.

*Robert List,* Attorney General, Carson City; *Larry R. Hicks,* District Attorney, and *Kathleen M. Wall,* Assistant Chief Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Richard Babcock was found guilty of embezzlement. The charge arose from his conduct as a supervisor in the Bingo Parlor in the Sparks Nugget.

On June 5, 1973, during the nighttime after the Bingo Parlor was closed and locked, Babcock obtained a key to the Bingo Parlor from the cashier's department, entered and forced open a drawer containing the tip money totaling $842.00 and proceeded to lose the money at gambling.

The record on appeal establishes that the supervisors, such as Babcock, were responsible for the collecting, holding and distribution twice each month of the gratuities taken, which were kept in the drawer from which Babcock removed the money. None of the employees had given Babcock his permission to take all of the money for himself. He contends on appeal, however, that he cannot be held for embezzlement because he was joint owner of the money and a person cannot steal from himself.

His argument is known only in early legal history. At one time the common-law rule was that a person could not commit an embezzlement of property that he co-owned. The old principle has been modified either by statute or by interpretation. Commonwealth v. Bovaird, 95 A.2d 173 (Pa. 1953). It shall be no defense to a prosecution for embezzlement that the property appropriated was partly the property of the accused and the property of another. The accused is still guilty of taking for his own use monies that belong to someone else. His portion is disregarded for this determination.

While Nevada has not included the foregoing recognition in the statutes pertaining to embezzlement (NRS 205.300), we do analogize to NRS 205.265 wherein part ownership is no defense to larceny.

Other discussions advanced by appellant are without merit.

Affirmed.